The Honorable Mike Fasano Representative, District 45 8217 Massachusetts Avenue New Port Richey, Florida 34653-3111
Dear Representative Fasano:
You have requested my opinion on substantially the following question:
Which organizations may conduct drawings by chance or raffles under section 849.0935, Florida Statutes (1996 Supplement), as amended by Chapter 97-108, Laws of Florida?
In sum:
Chapter 97-108, Laws of Florida, authorizes additional tax-exempt organizations to conduct drawings by chance or raffles. However, the amendment does not extend the scope of the statute to permit any additional games to be played.
As sponsor of HB 249 (now assigned Chapter 97-108, Laws of Florida) during the last legislative session, you advise that there are questions about the application of these changes to section 849.0935, Florida Statutes (1996 Supplement). You have received calls from veterans groups, fraternal organizations, and law enforcement officers who have questions about the effect of the amendment.
Section 849.09, Florida Statutes, makes it unlawful for any person in this state to promote or conduct a lottery for money or anything of value. Section 849.0935, Florida Statutes (1996 Supplement), as amended,[1] states that section 849.09 "shall not be construed to prohibit an organization qualified under 26 U.S.C. s. 501(c)(3), (4), (7), (8), (10), or (19), from con-ducting drawings by chance pursuant to the authority granted by this section, provided the organization has complied with all applicable provisions of chapter 496."[2] The underscored language above represents the relevant changes made by the 1997 amendment.
An "[o]rganization" is defined for purposes of the statute as one that is "exempt from federal income taxation pursuant to 26 U.S.C. s. 501(c)(3), (4), (7), (8), (10), or (19), and which has a current determination letter from the Internal Revenue Service, and its bona fide members or officers."[3] The title to the act indicates that the purpose of the legislation was to "provid[e] additional tax-exempt organizations which are authorized to conduct drawings by chance under said section, including civic organizations, employees' associations, clubs, fraternal benefit societies, fraternal lodges, and armed forces and veterans' organizations[.]"[4]
More particularly, an organization reference chart provided by the Internal Revenue Service gives an overview of 501(c) corporations. This chart indicates that 501(c)(4) corporations include civic leagues, social welfare organizations, and local associations of employees. These organizations promote community welfare, and are in the nature of charitable, educational, or recreational groups. The 501(c)(7) organizations are social and recreation clubs formed for pleasure, recreation and social activities. Organizations qualifying under 501(c)(8) are fraternal beneficiary societies and associations. Their lodges provide for the payment of life, sickness, accident, or other benefits to members. Domestic fraternal societies and associations would qualify as 501(c)(10) organizations and lodges, for these organizations devote their net earnings to charitable, fraternal, and other specified purposes. No life, sickness, or accident benefits are provided to members by 501(c)(10) organizations. Finally, 501(c)(19) groups are posts or organizations of past or present members of the U.S. armed forces whose activities are implied by the nature of the organization.
Section 849.0935, Florida Statutes (1996 Supplement), limits the organizations that may conduct drawings by chance. The amendment of section 849.0935 by Chapter 97-108, Laws of Florida, expands the range of organizations that may conduct drawings of chance or raffles to include additional 501(c) corporations.
The statute also provides that the operator of the drawing and its officers, employees, and agents must comply with all applicable provisions of Chapter 496, Florida Statutes, the Solicitation of Contributions Act, which imposes certain restrictions and registration requirements on charitable organizations, sponsors and professional solicitors who may solicit funds.[5] Questions requiring the interpretation of Chapter 496, Florida Statutes, should be addressed to the Division of Consumer Services of the Department of Agriculture and Consumer Services, as that agency is charged with the enforcement of Chapter 496 and the adoption of administrative rules promulgated thereunder.[6]
Section 849.0935, Florida Statutes, authorizes qualified nonprofit corporations and their officers, employees and agents to conduct drawings by chance, provided certain conditions are met.[7] All brochures, advertisements, notices, tickets, or entry blanks used for such drawings must conspicuously disclose:
"(a) The rules governing the conduct and operation of the drawing.
(b) The full name of the organization and its principal place of business.
(c) The source of the funds used to award cash prizes or to purchase prizes.
(d) The date, hour, and place where the winner will be chosen and the prizes will be awarded, unless the brochures, advertisements, notices, tickets, or entry blanks are not offered to the public more than 3 days prior to the drawing.
e) That no purchase or contribution is necessary."[8]
Excluded from the definition of a drawing are enterprises commonly known as "matching," "instant winner," or "preselected sweepstakes," which involve the distribution of winning numbers, previously designated as such, to the public.[9] However, any drawing in which the winner is predetermined by matching, instant win, or preselected sweepstakes, or in which the selection of the winners is in any way rigged, is prohibited by section849.0935(4)(a), Florida Statutes (1996 Supplement).
I would like to emphasize that it is unlawful for any organization that is authorized to conduct a drawing by chance to require an entry fee, donation, substantial consideration, payment, proof of purchase, or contribution as a condition of either entering the drawing or being selected to win a prize.[10] Therefore, the organization distributing the raffle tickets may not require a contribution or donation in order to participate in the raffle; nor may it arbitrarily disqualify or reject any entry or discriminate in any manner between entrants who contribute to the organization and those who do not.[11] It is also unlawful to fail to notify the person whose entry is selected to win that they have won, or to fail to award the prizes in the manner and at the time stated.[12]
Therefore, it is my opinion that the amendment to section849.0935, Florida Statutes (1996 Supplement), contained in Chapter 97-108, Laws of Florida, authorizes additional tax-exempt organizations to conduct drawings by chance pursuant to the terms of the statute, but does not authorize any additional types of drawings or enterprises to be conducted.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] Section 849.0935, Fla. Stat. (1996 Supp.), was amended by Ch. 97-108, Laws of Florida.
[2] See, s. 1, Ch. 97-108, Laws of Florida.
[3] Section 849.0935(1)(b), Fla. Stat. (1996 Supp.), as amended.
[4] See, Title, Ch. 97-108, Laws of Florida.
[5] Section 849.0935, Fla. Stat. (1996 Supp.), as amended.
[6] See, ss. 496.419 and 496.424, Fla. Stat., as amended by Ch. 97-250, Laws of Florida.
[7] Section 849.0935(1)(a), Fla. Stat. (1996 Supp.), defines a "[d]rawing by chance" or "drawing" as:
"[A]n enterprise in which, from the entries submitted by the public to the organization conducting the drawing, one or more entries are selected by chance to win a prize. The term "drawing" does not include those enterprises, commonly known as "matching," "instant winner," or "preselected sweepstakes," which involve the distribution of winning numbers, previously designate as such, to the public."
[8] Section 849.0935(3), Fla. Stat. (1996 Supp.).
[9] Section 849.0935(1)(a), Fla. Stat. (1996 Supp.).
[10] Section 849.0935(4)(b), Fla. Stat. (1996 Supp.).
[11] Section 849.0935(4)(d), Fla. Stat. (1996 Supp.).
[12] Section 849.0935(4)(e) and (f), Fla. Stat. (1996 Supp.).